**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02005-REB-NYW

DEBRA L. RIGGS,

    Plaintiff,

v.

AT&T,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

    This civil action is before the court on Plaintiff Debra L. Riggs' ("Plaintiff" or "Ms. Riggs") failure to respond to this court's Order to Show Cause dated March 18, 2016.

    Plaintiff Debra L. Riggs ("Ms. Riggs" or "Plaintiff") initiated this action by filing a Complaint against Defendant AT&T ("Defendant" or "AT&T") on September 14, 2015. [#1]. Plaintiff asserts claims against AT&T under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2005e-5 for gender, disability, sexual harassment discrimination, and retaliation. *See* [#1 at 2]. This case was assigned to the Honorable Robert E. Blackburn and drawn to the undersigned Magistrate Judge on September 14, 2015. [#2]. Judge Blackburn then entered an Order of Reference directing this Magistrate Judge to convene a Scheduling Conference and handle other pretrial matters, by order or Recommendation. [#4].

    Because of Plaintiff's *pro se* status, this court set a Status Conference to occur on November 17, 2015. *See* [#5]. Plaintiff failed to appear at the Status Conference, and as a result

the court issued a Minute Order advising Plaintiff that any future failures to comply with the court's orders, the Federal Rules of Civil Procedure, or the Civil Local Rules of Practice may result in sanctions, including a Recommendation by this court to dismiss this matter. [#6]. The court then waited to determine whether Plaintiff would effect service on Defendant before setting a Scheduling Conference.

On March 18, 2016, at which point this case had been pending for six months and the docket reflected that Plaintiff had not filed any proof of service on Defendant, this court issued an Order to Show Cause. [#7]. The court ordered Ms. Riggs to respond in writing on or before March 25, 2016 why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1 for lack of prosecution and failure to serve Defendant with the Complaint. [*Id.*]. The court informed Ms. Riggs that failure to respond to the Order to Show Cause by the deadline provided by the court would result in this court issuing a Recommendation to Judge Blackburn, the presiding judge, that this case be dismissed without prejudice. [*Id.*]. As of the date of this Recommendation, Ms. Riggs has not responded to the Order to Show Cause.

## ANALYSIS

Local Rule of Practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Ms. Riggs has not effected service on Defendant AT&T, and has not responded to the Order to Show Cause or otherwise provided an explanation for why this action should not be dismissed for failure to prosecute and failure to comply with a court order. This behavior is an

extension of the pattern of non-responsiveness that the court originally noted in its Minute Order regarding Ms. Riggs' failure to appear at the November 17, 2015 Status Conference. Accordingly,

I respectfully **RECOMMEND** that this action be dismissed without prejudice.[1]

DATED: March 30, 2016                              BY THE COURT:

                                                                  s/ Nina Y. Wang
                                                                  United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).